**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3020-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEVEN SOLARI,

    Defendant-Appellant.

_____

> Submitted February 22, 2021 – Decided April 30, 2021
>
> Before Judges Messano and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-08-1555.
>
> Nazario & Parente, LLC, attorneys for appellant (Thales A. Nazario, of counsel and on the briefs).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Maura K. Tully, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Steven Solari, a police officer in the Borough of Little Silver, of four counts of second-degree official misconduct, N.J.S.A. 2C:30-2, third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(4), and simple assault, N.J.S.A. 2C:12-1(a). He was sentenced to five-years' imprisonment with a five-year period of parole ineligibility. State v. Solari, No. A-2897-13 (Feb. 2, 2016) (slip op. at 2–3). The trial judge denied defendant's post-verdict motions for judgment notwithstanding the verdict and a new trial. Id. at 2. We affirmed defendant's conviction and sentence on direct appeal. Id. at 5. The Supreme Court denied his petition for certification. 224 N.J. 529 (2016). The United States Supreme Court denied his petition for certiorari. Solari v. New Jersey, 137 S. Ct. 672 (2017).

Defendant filed a timely petition for post-conviction relief (PCR). For the moment, it suffices to say the gravamen of the petition alleged the State failed to fully respond to pre-trial discovery requests and withheld exculpatory evidence from defendant. Defendant also alleged the State elicited "misleading and false" expert testimony during trial, and the trial judge made errors that denied defendant a fair trial.

The PCR judge, who was not the trial judge, denied the petition without an evidentiary hearing. We discuss his reasoning below. This appeal followed.

## I.

We briefly summarize the evidence at trial by reference to our prior opinion.

On the evening of December 20, 2009, defendant and another officer, Patrolman Justin Bradley, responded to a call made by a mother who feared her intoxicated son, S.C., might attempt to drive; S.C. was highly intoxicated and making suicidal comments when the officers arrived.[1] Solari, slip op. at 6. A struggle ensued when the officers tried to take S.C. into custody for a medical evaluation, resulting in injuries to the young man. Ibid. Although defendant claimed to have called for an ambulance, police department records indicated Officer Bradley made the call. Id. at 6–7. When the emergency medical technicians (EMTs) arrived, Bradley told them to take the ambulance to police headquarters where the officers intended to bring their arrestee. Id. at 7.

Although his injuries were obvious, defendant would not permit the EMTs to treat S.C. until he was processed; but they did so anyway. Id. at 8. S.C. refused to cooperate during the mugshot process, and defendant twisted S.C.'s head and struck him in the head multiple times. Ibid. After defendant finished

---

[1] The indictment referred to the young man by initials and we do the same in our opinion.

processing his prisoner, the EMTs took S.C. to the hospital, where he was treated for a broken nose, chipped teeth, bruising and a concussion, and released the following day. Id. at 9.

Defendant filed a report, in which he stated that he instructed the EMTs to begin treating S.C.'s injuries after he was brought into headquarters and placed in a chair. Id. at 8. In the report, defendant justified his physical contact with S.C. at headquarters by claiming S.C. had lunged at one of the EMTs; neither EMT saw S.C. lunge or get out of his chair. Id. at 9.

Over the next several days, defendant approached one of the EMTs three times and told him that if he was asked about the incident, to "remember, [S.C.] lunged." Id. at 9–10. Both EMTs notified police Captain Gary LaBruno, who served as one of the department's internal affairs investigators, of the incident. Id. at 10. LaBruno reported it to the Prosecutor's Office, which investigated, and defendant was arrested shortly thereafter. Ibid.

The State produced Richard Celeste as an expert in police training at trial. Ibid. Celeste opined that defendant violated statewide standards by punching S.C. in the head and twisting his head because the neck was a vulnerable area of the body. Id. at 11. He also opined that defendant violated applicable regulations by taking an injured arrestee to the station for processing instead of

taking him directly to the hospital, although Celeste acknowledged an officer must exercise judgment in assessing the significance of injuries in a given case. Ibid.

As predicates to the four official misconduct convictions, the jury determined defendant had failed to obtain proper medical treatment for S.C., assaulted S.C. while he was handcuffed at headquarters, prepared and submitted a false police report, and tampered with a witness. Id. at 2.

## II.

Trial counsel prepared the PCR petition, which did not allege claims of ineffective assistance of counsel (IAC). Instead, with the support of defendant's verification and separate certification, counsel alleged that despite numerous written discovery requests served on the State before trial, the prosecutor failed to produce "records of radio transmissions" between defendant, Officer Bradley, and the Little Silver Police Department. Defendant certified that the records were kept on the police department's "in-house computer," and counsel alleged, "on information and belief," that the computer records would have demonstrated defendant, not Bradley, summoned the ambulance on the night in question. Neither counsel's statement nor defendant's certification included the alleged records. The petition also alleged these records would demonstrate that Captain

5

LaBruno falsely testified at trial when he said Bradley called for the ambulance, because had LaBruno actually reviewed the computer-assisted recordings, as he claimed, he would have known that defendant called for the ambulance.

Additionally, defendant asserted that five photographs of S.C. taken by the Chief of Police were placed in the "case file . . . of State v. [S.C.]," and "saved in the in-house computer" and departmental digital camera. According to defendant, the photographs would have demonstrated S.C. "was acting disorderly and extremely combative" while sitting in a chair in headquarters. And, although the Chief referenced the photographs during cross-examination at trial, the State never produced them in discovery. Defendant asserted that "[t]he State's failure to produce this exculpatory discovery" — the radio transmission records and the photographs — "require[d] a new trial."

The petition and defendant's certification also alleged the State elicited misleading testimony from Celeste, the trial judge gave an improper limiting instruction, and he also improperly limited cross-examination of S.C., one of the EMTs, and a lieutenant in the Little Silver Police Department, who, defendant alleged on information and belief, left the department because of his mishandling of departmental reports and the in-house computer.

6

After conducting oral argument on defendant's petition, the PCR judge rendered a brief oral decision. Relying on Rules 3:22-4(a) and 3:22-5, he concluded defendant's claim that recordings of the radio transmissions were withheld in discovery was barred, because LaBruno testified Officer Bradley called for medical assistance after listening to the recordings, and defendant failed to raise any other issues about the recording or the police department's computer aided dispatch system on direct appeal. The judge also found that defendant's claims regarding the photographs of S.C. was similarly barred. He noted that trial testimony acknowledged the existence of two photos and defendant failed to raise any issues about the photographs at trial or on direct appeal.

Similarly, the PCR judge concluded that defendant's assertions of misleading testimony by Celeste and errors by the trial judge were all procedurally barred. He denied the petition and this appeal followed.

III.

Defendant is represented by different counsel on appeal. He reiterates the contention that the State failed to provide exculpatory evidence in discovery and elicited false testimony from Celeste. Defendant also argues the trial judge permitted LaBruno to provide irrelevant testimony regarding the proper use of

7

an "ASP baton." Finally, for the first time, defendant asserts that trial counsel provided ineffective assistance. For the reasons that follow, we reject all these arguments and affirm the denial of defendant's PCR petition.

It is axiomatic that PCR relief is not a substitute for direct appeal. R. 3:22-3. Collectively, Rules 3:22-4(a) and 3:22-5 provide procedural bars such that "a defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal, . . . or to relitigate a claim already decided on the merits." State v. Goodwin, 173 N.J. 583, 593 (2002) (citing respectively R. 3:22-4 and -5).

Under Rule 3:22-5, "[p]reclusion of consideration of an argument presented in post-conviction relief proceedings should be effected only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Marshall, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (App. Div. 1979)). To the extent he cited this Rule, the PCR judge erred in concluding any of the arguments defendant raised in the petition were previously adjudicated on direct appeal. They were not.

However, we agree that defendant's claims regarding Celeste's false testimony and the trial judge's rulings are barred by Rule 3:22-4(a) and not

subject to any of the exceptions in that rule.[2] Clearly, defendant's specific arguments about errors committed at trial are procedurally barred from PCR review, because they could have been raised on direct appeal and were not.

---

[2] Rule 3:22-4(a) provides in relevant part:

> First Petition for Post-Conviction Relief. Any ground for relief not raised in . . . any appeal . . . is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

A-3020-18

The PCR judge, however, mischaracterized defendant's claims regarding the computer-aided radio transmissions and the photographs of S.C. Defendant asserted that this evidence existed, but, despite broad written discovery requests, the prosecutor failed to turn it over before trial. Neither Rule 3:22-4(a) nor Rule 3:22-5 bars such a claim.

As the Court has made clear, neither Rule bars a PCR claim based on alleged newly discovered evidence. See State v. Nash, 212 N.J. 518, 546 (2013) (noting that the first exception to Rule 3:22-4(a) bar "is . . . available to a petitioner if he can show that the facts that form the basis for relief 'could not have been discovered earlier through the exercise of reasonable diligence.'" (quoting R. 3:22-4(a)). And Rule 3:22-5 "does not prohibit a claim for relief based on newly discovered evidence." Id. at 547 (citing R. 3:20-2)). However, to prevail on a post-conviction motion for a new trial based on newly discovered evidence,

> defendant must show that the evidence is 1) material, and not "merely" cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was "not discoverable by reasonable diligence beforehand"; and 3) that the evidence "would probably change the jury's verdict if a new trial were granted."
>
> [State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

A defendant must satisfy all three prongs before a new trial is warranted. Ibid. (citing Carter, 85 N.J. at 314).

Obviously, defendant, a self-acknowledged veteran officer of the police department, was fully familiar with the computer-assisted radio transmission equipment it utilized at the time of trial. Moreover, the State's appendix demonstrates that it served discovery responses on defense counsel that included a log of the radio transmissions, albeit without identifying the speaker. The actual transmissions were played for the jury, so, if additional evidence existed, the exercise of reasonable diligence by defendant would have compelled its production. The same is true of the alleged additional photographs of S.C., since two photographs were actually identified at trial.

Defendant also asserts the withholding of the computer assisted transmission records and the photographs violated his due process rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963). "To establish a Brady violation, a defendant must prove that (1) the prosecutor failed to disclose the evidence, (2) the evidence was of a favorable character to the defendant, and (3) the evidence was material." State v. Carrero, 428 N.J. Super. 495, 516 (App. Div. 2012) (citing State v. Mustaro, 411 N.J. Super. 91, 101 (App. Div. 2009); State v. Parsons, 341 N.J. Super. 448, 454–55 (App. Div. 2001)).

11

Defendant did not produce any of the evidence he claims was withheld by the prosecutor, and his certification is bereft of anything other than bald assertions regarding that evidence. Assuming arguendo the evidence actually existed, relief under Brady is only available if defendant demonstrated the missing evidence was of apparent exculpatory value and could not otherwise be obtained, or alternatively, the evidence was potentially useful to the defense and destroyed or not retained by the prosecutor in bad faith. Mustaro, 411 N.J. Super. at 102–03. Given the nature of the evidence allegedly not produced by the prosecutor, defendant failed to shoulder this burden.

Lastly, as noted, defendant never asserted an IAC claim in his PCR petition or before the PCR judge. "For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Here, the specifics supporting defendant's IAC claims on appeal should have been developed before the PCR court, particularly because they involve decisions made, or not made, by counsel during trial which defendant asserts demonstrate counsel provided ineffective

assistance. Although we see little intuitive merit to the assertions, we refuse to consider them for the first time on a blank slate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION